TIMOTHY S. CORY, ESQ.                                    E-Filed December 20, 2011
Nevada Bar No. 1972
**TIMOTHY S. CORY & ASSOCIATES**
8831 West Sahara Avenue
Las Vegas, Nevada 89117
Telephone (702) 388-1996
Facsimile (702) 382-7903
tim.cory@corylaw.us
      Attorneys for Trustee/Plaintiff

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>EXECUTIVE PLASTERING, INC.,<br><br>      Debtor.<br>_____<br>WILLIAM A. LEONARD, TRUSTEE,<br><br>      Plaintiff,<br><br>v.<br><br>Harry Curran, DOES 1-10 and ROES business entities 1–10,<br><br>      Defendants. | Bankruptcy Case No. BK-S-09-33776-BAM<br><br>Chapter 7<br><br><br><br><br>Adversary Proceeding No._____ |

## COMPLAINT TO AVOID AND RECOVER TRANSFERS AND TO DEFER FILING FEE

      Plaintiff, William A. Leonard, trustee of the Chapter 7 bankruptcy estate of Executive Plastering, Inc., by and through counsel, hereby complains and alleges against the above-captioned defendants, Harry Curran ("Curran") and DOES 1-10 and ROES business entities 1–10, as follows:

## PARTIES

      1.     Plaintiff, William A. Leonard ("Trustee"), is the Chapter 7 trustee of the bankruptcy estate of Executive Plastering, Inc. ("Debtor").

2.      Upon information and belief CURRAN is a business entity and/or d/b/a doing business in the state of Nevada of with offices at 220 Commerce Park Court, North Las Vegas, Nevada 89032.

3.      Upon information and belief, DOES 1-10 and ROES business entities 1–10 are persons and/or business entities in which are materially related to CURRAN and received funds or benefited from property from the Debtor as set forth herein.

4.      CURRAN and DOES 1-10 and ROES business entities 1–10 shall be referred to as the "Defendants."

## JURISDICTION AND VENUE

5.      This adversary proceeding arises out of and relates to the Chapter 7 bankruptcy case of the Debtor currently pending in the United States Bankruptcy Court for the District of Nevada, Southern Division.

6.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157 (b)(2)(A), (F), (H) and (O).

7.      The United States Bankruptcy Court for the District of Nevada, Southern Division, has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and § 157(a); 11 U.S.C. §§ 547, 548 and 550, and the general order of reference made from the United States District Court for the District of Nevada.

8.      Venue is proper in the District of Nevada, Southern Division, pursuant to 28 U.S.C. § 1409.

## GENERAL ALLEGATIONS

9.     On or about December 21, 2009, the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"). .

10.     William A. Leonard was appointed the chapter 7 Trustee.

11.     The Defendants received payments and/or other transfers (the "Transfers") from the Debtor of at least $5,930.00 during the 90 day period prior to the filing of the bankruptcy petition.

## FIRST CLAIM FOR RELIEF
### (AVOIDANCE OF TRANSFERS, 11 U.S.C. § 547)

12.     The Trustee hereby incorporates all preceding paragraphs.

13.     The Transfers were transfers of an interest of the Debtor in property.

14.     The Transfers were to or for the benefit of Defendants.

15.     The Defendants were creditors of the Debtor at the time of the Transfers.

16.     The Transfers were for or on account of an antecedent debt owed by the Debtor to the Defendants before the Transfers were made.

17.     The Transfers were made while the Debtor was insolvent.

18.     The Transfers were made within ninety days before the date of the filing of the petition in this bankruptcy case.

19.     The Transfers enabled the Defendants to receive more than they would receive if the case were a case under Chapter 7 of Title 11, if the Transfers had not been made, and if the Defendants received payment of such debt to the extent provided by the provisions of Title 11.

20.     The Trustee is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b).

3

## SECOND CLAIM FOR RELIEF
### (AVOIDANCE OF TRANSFER, 11 U.S.C. § 548)

21.    The Trustee hereby incorporates all preceding paragraphs.

22.    The Transfers were made by Debtor to Defendants in the two years prior to the filing of the petition in this bankruptcy case.

23.    The Transfers were transfers of an interest of the Debtor in property.

24.    Upon information and belief, the Debtor received less than a reasonably equivalent value in exchange for the Transfers.

25.    The Debtor was insolvent on the date that the Transfers were made, or became insolvent as a result of the Transfers.

26.    The Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Debtor was an unreasonably small capital.

27.    The Debtor intended to incur, or believed that Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

28.    The Trustee is entitled to avoid the Transfers pursuant to 11 U.S.C. § 548(a)(1)(B).

## THIRD CLAIM FOR RELIEF
### (RECOVERY OF TRANSFER, 11 U.S.C. § 550)

29.    The Trustee hereby incorporates all preceding paragraphs.

30.    The Defendants were the initial transferees of the Transfers or the entities for whose benefit the Transfers were made.

31.    The Transfers constitute avoidable transfers pursuant to 11 U.S.C. § 547 and/or 11 U.S.C. § 548, and the Trustee is entitled to avoid the Transfers and, pursuant to 11 U.S.C. § 550,

recover the property transferred, or the value of the property transferred, from the Defendants or to receive a judgment in the amount of the transfers.

### PRAYER FOR RELIEF

WHEREFORE, the Trustee prays for the following relief:

a.    Pursuant to the First Claim for Relief: an order of this Court avoiding the Transfers as preferences under 11 U.S.C. § 547(b);

b.    Pursuant to the Second Claim for Relief: an order of this Court avoiding the under 11 U.S.C. § 548(a)(1)(B);

c.    Pursuant to the Third Claim for Relief: a judgment against the Defendants, and in favor of the Trustee, in the amount of at least $5,630.00 plus interest from the date of the filing of this Complaint, which judgment shall bear interest at the legal judgment rate until satisfied; and

d.    To defer the filing fee until there are sufficient funds in this estate; and

e.    For such other and further relief as this Court deems just and proper.

DATED this 20th day of December, 2011.

**TIMOTHY S. CORY & ASSOCIATES**


  _/s/  Adam P. Bowler_
TIMOTHY S. CORY, ESQ
Nevada Bar No. 1972
ADAM P. BOWLER, ESQ.
Nevada Bar No. 8383
8831 West Sahara Avenue
Las Vegas, Nevada 89117
Telephone (702) 388-1996
Facsimile (702) 382-7903
tim.cory@corylaw.us
adam.bowler@corylaw.us
Attorneys for Trustee/Plaintiff